IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM BROWN, IV, :
:
    Plaintiff : CIVIL NO. 3:CV-18-1906
:
v. :
: (Judge Conaboy)
:
WILLIAM TED WILLIAMS, ET AL., :
:
    Defendants :

FILED
SCRANTON
NOV 0 2 2018

## MEMORANDUM
### Background

William Brown IV, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas) initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 2. For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Named as Defendants are Ken Nicole of the Pennsylvania Department of Corrections' Bureau of Health Care Services, and the following officials at Plaintiff's prior place of confinement, the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockvierw): Medical Department Supervisor William Ted Williams; CRNP Jamie Ficks; Unit Manager David Kuhn; Health care Administrator Jane Doe Fisher; Deputy Superintendent John Doe McMahon.

1

Plaintiff states that his claims are based upon events which transpired at SCI-Kockview between April 14, 2016 and June 30, 2016. See Doc. 1, ¶ IV.

According to the Complaint, Plaintiff fractured his left foot while playing basketball in the SCI-Rockview recreation yard on April 14, 2016. After being evaluated and provided with ice, Motrin, and crutches, Defendant Fickts told Plaintiff to return to his cell. Although Plaintiff was being held in a fifth tier cell, Ficks allegedly denied Brown's request to be reassigned to a lower tier cell. As a result, Plaintiff alleges that he "had to hop up to the fifth tier which was obviously dangerous." Doc. 1, p. 8.

While returning to his cell, a correctional officer purportedly told Plaintiff that Defendant Williams had refused to approve the prisoner for a transfer to a bottom tier cell. On May 1, 2016 Plaintiff filed an institutional grievance requesting bottom tier placement. On May 10, 2016, approximately three weeks after his injury, Plaintiff's injured foot was placed in a cast following an evaluation by an outside orthopedic specialist. The specialist allegedly recommended Plaintiff for placement in a lower tier cell.

The Plaintiff's institutional grievance was denied by Williams. As a result, for the next two months Plaintiff had to hop up and down the steps to the fifth tier. On June 30, 2016 Plaintiff fell down a flight of stairs. He also developed a bone spur as a

2

consequence of his injury.

Plaintiff's pending action alleges that prison officials displayed deliberate indifference to his medical needs because: (1) there was a three week delay before his fractured foot was placed in a cast; and (2) the failure to provide him with a transfer to a lower tier cell interfered with the healing process, resulted in the development of a bone spur, and caused him to fall down a flight of stairs. As relief, Plaintiff seeks an award of compensatory damages.

## Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the

dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**Personal Involvement**

It is initially noted that the claims against Defendants Nicole, Kuhn, and McMahon are premised upon those officials' respective failures to take favorable action is response to the Plaintiff's administrative grievance.

A plaintiff, in order to state a viable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each

4

named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, any attempt by Plaintiff to establish liability against a defendant solely based upon the substance or lack of response to his institutional administrative appeal does not by itself support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident review process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C.

5

1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with administrative review procedure is not actionable).

In the present case the Complaint attempts to establish liability against Defendants Nicole, Kuhn, and McMahon due to their failure to provide a favorable response to the institutional grievance filed by the Plaintiff. Pursuant to the above discussion, Defendants Nicole, Kuhn, and McMahon are entitled to entry of dismissal.

### Statute of Limitations

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n. 9 (3d Cir. 1996); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa.), aff'd 101 F.3d 691 (3d Cir. 1996)(Table). Pennsylvania's applicable personal

6

injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.), cert. denied, 474 U.S. 950 (1985). Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citations omitted).

In his complaint, Plaintiff clearly alleges that the underlying constitutional misconduct occurred between April 14, 2016 to June 30, 2016. See Doc. 1, ¶ IV. Brown's pending Complaint is dated August 1, 2018. See id. ¶ IX. Pursuant to the standards set forth in Houston v Lack, 487 U.S. 266, 271 (1988)(a prisoner's complaint is deemed filed at the time it was given to prison officials for mailing to the Court) Brown's Complaint will be deemed filed as of that date.[1]

It is apparent that Plaintiff obtained knowledge of the purported violations of his constitutional rights at the time those events occurred, yet he failed to initiate this action within two (2) years following the most recent alleged constitutional violation on June 30, 2016.

Although the statute of limitations is an affirmative defense

---

[1] This Court is affording Plaintiff an abundance of liberal treatment as his Complaint was not received by the Clerk of Court until September 28, 2018.

7

which may be voluntarily waived, it has been recognized that a district court may voluntarily dismiss as frivolous a complaint when it is apparent on its face that the statute of limitations has expired. See Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002)(a district court has inherent power to sua sponte dismiss a complaint which facially violates a bar to suit); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995); Miller v. Hassinger, Civil No. 02-1520, slip op. at 4 (M.D. Pa. Sept. 30, 2002)(Muir, J.); Norris v. Vaughn, Civil No. 00-1856, slip op. at 4 (M.D. Pa. Oct. 30, 2000)(Rambo, J.). Consequently, the present complaint dated August 1, 2018, which seeks relief regarding conduct which transpired between April 14, 2016 to June 30, 2016, is clearly barred by Pennsylvania's controlling statute of limitations.

## Conclusion

Since Brown's Complaint is "based on an indisputably meritless legal theory," his pending claims will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 2, 2018

8